UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006[*]
Decided March 29, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3471

|  |  |
|---|---|
| ISAAC MARTINEZ,<br>　　*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 02 C 4937 |
| ABBOTT LABORATORIES,<br>　　*Defendant-Appellee*. | Elaine E. Bucklo,<br>*Judge*. |

**O R D E R**

Abbott Laboratories ("Abbott") terminated Isaac Martinez after he falsified a work order and took excessive time away from work during his shift. Martinez brought suit against Abbott alleging discrimination based on his Filipino national origin in violation of Title VII, 42 U.S.C. §§ 2000e *et seq*, and 42 U.S.C. § 1981. The district court granted summary judgment to Abbott. We affirm.

Martinez worked the third shift as a Senior Solutions Operator in Abbot's Hospital Products Division. On several occasions in April 1995, third shift

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

supervisor Timothy Fischer had difficulty locating Martinez during his shift. Fischer obtained gate entry reports in order to determine whether Martinez had been leaving the building during his shift. On April 27, 1995, Fischer was unable to locate Martinez in the mixing lab where he was stationed. Martinez alleges that he was not absent but was in a "cold room" within the lab.

The job also required Martinez to follow step-by-step instructions for mixing drugs as set forth in a given work order. Fischer states that on April 27, 1995 he found Martinez's work order in the lab and observed that Martinez had falsely designated three uncompleted steps as completed. Fischer shared his concerns and the two falsified pages of the work order with fellow supervisor Karl Puterbaugh and their manager William Gately. They concluded that Martinez had falsified the work order. They also examined the previously obtained gate entry records and concluded that Martinez was leaving the premises during his shift for extended periods of time. After consulting with the plant manager, human resources manager, and quality assurance manager, Gately terminated Martinez for falsifying a work order and for leaving the plant while he was supposed to be working.

After the EEOC issued a right-to-sue letter, Martinez commenced suit alleging that Abbott unlawfully terminated him by treating him less favorably than employees of other national origins. Martinez later amended his complaint to add two claims of spoilation of evidence in violation of 29 C.F.R. § 1602.14, which requires employers to preserve personnel records until the final disposition of a charge or claim of discrimination. Martinez alleged that Abbott violated the regulation by negligently or wilfully and wantonly failing to preserve the complete work order that he was alleged to have falsified.

The district court granted Abbott's motion for summary judgment, reasoning that even if Martinez could establish a prima facie case of discrimination, he could not show that Abbott's stated non-discriminatory reasons for terminating him—falsification of a work order and excessive time away from work during his shift—were pretextual. The court also dismissed Martinez's spoilation claims because Abbott did not consider the complete work order in reaching its decision to terminate him and, even if it had, Martinez could not show that he would have had a reasonable probability of prevailing on his Title VII claim if the work order had not been destroyed.

We review the district court's grant of summary judgment *de novo*, construing all facts and drawing all reasonable inferences in favor of Martinez as the non-moving party. *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). Summary judgment is appropriate if the moving party demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that "might affect the outcome of the suit" under the applicable substantive law. *Alexander v. City of South Bend*, 433 F.3d 550, 554 (7th Cir. 2006), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Martinez asserts that the district court erred by failing to consider evidence which, he believes, demonstrates that Abbott's non-discriminatory reasons for terminating him were pretextual. Although his argument is less than clear, he appears to contend that Gately's decision to terminate him was influenced by Fischer and Puterbaugh, who Martinez asserts had discriminatory motives that can be imputed to Gately.

The focus of a pretext analysis is whether the employer's stated reason for the termination was honest. *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 823 (7th Cir. 2006). Thus Martinez must present evidence that Gately—the individual who made the termination decision—did not honestly, even if mistakenly, believe that Martinez falsified a work order and was absent during his shift. *Id.* Discriminatory statements made by individuals other than the decisionmaker are irrelevant, *Guswelle v. City of Wood River*, 374 F.3d 569, 575 (7th Cir. 2004), unless the non-decisionmaker influenced the decision "by concealing relevant information from, or feeding false information to, the ultimate decisionmaker." *David v. Caterpillar, Inc.*, 324 F.3d 851, 860–61 (7th Cir. 2003).

Here, Martinez presents no evidence that Gately did not honestly believe that Martinez both falsified a work order and was absent during his shift. Instead, he seeks to impute to Gately discriminatory motives purportedly held by Fischer and Puterbaugh (who, Martinez says, discriminated against other Filipino-American employees). But Gately testified that he alone made the termination decision, and Martinez has produced no evidence to contradict this assertion. Nor did Martinez present any evidence that Fischer or Puterbaugh concealed information from Gately or fed him false information that influenced his decision. Moreover, the discriminatory actions that Martinez attributes to Fischer and Puterbaugh are not supported by evidence in the record. And, to the extent that Fischer and Puterbaugh made any discriminatory statements or harbored discriminatory motives, that has no bearing on whether Gately honestly believed his stated non-discriminatory reasons for terminating Martinez.

Martinez next challenges the district court's ruling that Abbott did not violate 29 C.F.R. § 1602.14 by failing to preserve the complete work order. Although he does not develop this argument, Martinez appears to argue that the contents of the work order show that he did not falsify any entries and therefore Abbott's failure to preserve the document gives rise to an inference that Abbott's stated reasons for terminating him were pretextual.

Section 1602.14 requires employers to preserve "[a]ny personnel or employment record made or kept by an employer" and, when a charge of discrimination has been filed, to "preserve all personnel records relevant to the charge or action until final disposition of the charge or action." 29 C.F.R. § 1602.14. The regulation does not define the term "personnel records" but states that examples include "personnel or employment records" and "application forms or test papers." *Id.* Employers are not required to keep all documents generated during the termination process, but rather must preserve "only the actual employment record itself." *Rummery v. Illinois Bell Tel. Co.*, 250 F.3d 553, 558–59 (7th Cir. 2001) (rejecting claim that employer's destruction of ranking sheets and manager's evaluation notes created inference of pretext under Section 1602.14).

Here, it is undisputed that Gately never saw or considered the non-preserved pages of the work order in deciding to terminate Martinez, and thus those pages were not part of Martinez's employment record. Moreover, even if we assume the truth of Martinez's assertion about the contents of those pages, because Gately never saw them or knew of their contents, the non-preserved pages cannot possibly disprove Gately's belief that Martinez falsified entries on the work order. Thus Abbott's destruction of the complete work order did not violate 29 C.F.R. § 1602.14.

Even if the work order did constitute a personnel record under the regulation, Martinez would be required to demonstrate that Abbott destroyed the document in bad faith in order to warrant an inference that it contained information adverse to Abbott's case. *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002). But it is undisputed that the work order was destroyed in the normal course of business under Abbott's document retention policy, and the record contains no evidence to suggest Abbott acted in bad faith.

Accordingly, we AFFIRM the judgment of the district court.